# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JABRIEL WILLIAMS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | Case No. CIV-19-640-G |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on the Report and Recommendation (Doc. No. 4) issued by United States Magistrate Judge Bernard M. Jones on July 18, 2019, following referral pursuant to 28 U.S.C. § 636(b). Petitioner, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the legality of his conviction. Judge Jones recommends that the Court: (1) recharacterize the Petition as arising under 28 U.S.C. § 2255, (2) find that the Court lacks jurisdiction over the suit, and (3) transfer the action to the United States District Court for the Eastern District of Texas (Sherman Division), the court in which Petitioner received his federal criminal conviction and sentence. The record reflects that no party has objected to the Report and Recommendation within the time limits prescribed. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Upon review, the Court concurs with Judge Jones' findings that the Petition challenges the legality of Petitioner's conviction, rather than the execution of his sentence, that such challenge is properly construed under § 2255, and that, upon the Court's

recharacterization of the Petition as a § 2255 motion, the Court will lack jurisdiction over the suit and should transfer the matter to the court in which Petitioner was sentenced. Because, however, it appears that the recharacterized petition would be Petitioner's first § 2255 motion, the Court's recharacterization is constrained by the limitations articulated in *Castro v. United States*, 540 U.S. 375, 383 (2003), which provides that

> when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion . . . the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Castro*, 540 U.S. at 383; *see also United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002) (noting concern that sua sponte recharacterization of a prisoner's petition as a petitioner's first § 2255 petition "might prevent a prisoner from raising a legitimate claim in a subsequent § 2255 petition").

Accordingly, the Court ADVISES Petitioner that if the Court recharacterizes his Petition as one brought under § 2255 rather than § 2241, Petitioner would not be able to file any subsequent § 2255 applications for writ of habeas corpus without first "obtain[ing] authorization from the circuit court to proceed, and that authorization may only be given based on [the] two very narrow grounds" set forth in 28 U.S.C. § 2255(h). *Stanko v. Davis*, 617 F.3d 1262, 1265 (10th Cir. 2010). In view of *Castro*'s directives, the Court shall provide Petitioner an opportunity to withdraw his § 2241 petition before the Court recharacterizes it under § 2255 and transfers the action.

2

IT IS THEREFORE ORDERED that the Report and Recommendation (Doc. No. 4) is ADOPTED. Petitioner shall have until September 12, 2019, to withdraw his Petition, if he chooses. Absent such withdrawal, this Court shall recharacterize the Petition as arising under § 2255 and transfer this matter to the United States District Court for the Eastern District of Texas (Sherman Division).

IT IS SO ORDERED this 29th day of August, 2019.

CHARLES B. GOODWIN
United States District Judge